IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YVETTE BRYANT, Personal Representative of the Estate of MICHAEL FARRAR,<br><br>Plaintiff,<br><br>v.<br><br>CORRECTIONS CORPORATION OF AMERICA, INC., et al.<br><br>Defendants. | Civil Action 1:05-CV-02089<br>Judge Colleen Kollar-Kotelly |

**ANSWER OF CORRECTIONS CORPORATION OF AMERICA
TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant CORRECTIONS CORPORATION OF AMERICA ("CCA"), through counsel, hereby responds to Plaintiff's Complaint as follows:

**COMPLAINT**

The allegations contained in the introductory paragraph are characterizations of plaintiff's claims and conclusions of law to which no response is required. To the extent that a response is required, CCA denies the allegations contained therein.

**PARTIES**

CCA is without sufficient knowledge or information to admit or deny the allegations contained in the first paragraph under the heading "Parties" and therefore denies the same.

The allegations contained in the second paragraph under the heading "Parties" are asserted solely against the District of Columbia, and do not pertain to CCA. To the extent that a response is deemed necessary, CCA denies the allegations of this paragraph.

As to the allegations of the third paragraph under the heading "Parties", CCA admits only that it is a corporation and pursuant to a contract with the District of Columbia operates a facility knows as the Correctional Treatment Facility (CTF) and is licensed to conduct business in the District of Columbia. CCA denies the remaining allegations of this paragraph.

The allegations of the fourth paragraph under the heading "Parties" are asserted solely against the Center for Correctional Health and Policy Studies, Inc., and does not pertain to CCA. To the extent that a response is deemed necessary, CCA denies the allegations.

## FACTS

1.  CCA is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 1 and therefore denies the same.

2.  CCA admits only that the decedent was a diabetic and was receiving dialysis treatment for end-stage renal disease. As to the remaining allegations of Paragraph 2, CCA is without sufficient knowledge or information to admit or deny the allegations contained therein and therefore denies the same.

3.  CCA admits only that on December 29, 2003, Michael Farrar was housed in Level 82 of CTF. CCA further admits that Michael Farrar was a diabetic and was suffering from end-stage renal disease. As to the remaining allegations of Paragraph 3, CCA is without sufficient knowledge or information to admit or deny the allegations contained therein and therefore denies the same.

4.  CCA is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 4 and therefore denies the same.

5. CCA is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 5 and therefore denies the same.

6. In response to Paragraph 6 of Plaintiff's Complaint, CCA admits that the cells in the medical unit could be secured as the doors are equipped with locks, and that call buttons were located within each cell as one method an inmate could access medical personnel should the need arise. CCA denies the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. CCA affirmatively asserts that it monitored the cell units on Level 82 as required. As to the remaining allegations of Paragraph 7, CCA is without sufficient knowledge or information to admit or deny the allegations contained therein and therefore denies the same.

8. CCA denies the allegations in Paragraph 8.

9. CCA is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 9 and therefore denies the same.

10. CCA admits only that at approximately 4:59 a.m., Farrar was found in his bed and was unresponsive. CCA denies the remaining allegations of Paragraph 10.

11. CCA admits that Farrar was pronounced dead at 5:52 a.m. and the autopsy report indicated that the cause of death was hypertensive cardiovascular disease. CCA denies the remaining allegations of Paragraph 11.

12. CCA affirmatively asserts that the allegations contained in Paragraph 12 go to the medical care received by Michael Farrar and as such, should be directed to defendant District of Columbia and/or CCHPS. To the extent a response is necessary for CCA, CCA denies the allegations of Paragraph 12.

13. CCA denies the allegations contained in Paragraph 13.

14. CCA denies the allegations contained in Paragraph 13.

15. CCA denies the allegations contained in Paragraph 13.

16. The allegations contained in Paragraph 16 are conclusions of law to which no response is required. To the extent that a response is required, CCA denies the allegations contained therein.

## COUNT I
### (Policy and Practice of Deliberate Indifference
### D.C., CCA & CCHPS)

17. CCA incorporates its answers to Paragraphs 1 - 16 as fully set forth herein.

18. CCA admits that it operates a facility known as CTF pursuant to a contract with the District of Columbia. CCA further admits that pursuant to its contract with the District of Columbia, it is not responsible for the medical treatment or care of the inmates housed at CTF. The remaining allegations of Paragraph 18 are conclusion of law to which no response is required. To the extent that a response is required, CCA denies the remaining allegations contained therein.

19. CCA denies the allegations of Paragraph 19.

20. CCA denies the allegations of Paragraph 20.

21. CCA denies the allegations contained in Paragraph 21.

22. CCA admits only that it owed those duties as required by law, and CCA denies the remaining allegations of Paragraph 22.

23. The allegations contained in Paragraph 23 are asserted solely against defendant District of Columbia and do not pertain to CCA. To the extent a response is deemed necessary, CCA denies the allegations contained herein.

24. CCA denies the allegations of Paragraph 24.

25. CCA denies the allegations of Paragraph 25.

## COUNT II
### (Eighth Amendment Violation Deliberate Indifference CCA & CCHPS)

26. CCA incorporates its answers to Paragraph 1-25 as is fully set forth herein.

27. CCA denies the allegations contained in Paragraph 27.

28. CCA affirmatively asserts that the allegations contained in Paragraph 28 go to the medical care received by Michael Farrar and as such, should be directed solely to defendant District of Columbia and/or CCHPS. To the extent a response is necessary from CCA, CCA denies the allegations of Paragraph 28.

29. CCA denies the allegations of Paragraph 29.

30. CCA denies the allegations of Paragraph 30.

31. CCA denies the allegations of Paragraph 31.


## COUNT III
### (Negligence in Hiring, Retention, Monitoring & Supervision: D.C.)

32. CCA incorporates its answers to Paragraphs 1 - 31 as fully set forth herein.

33. The allegations of Paragraph 33 are directed solely to defendant District of Columbia and do not pertain to CCA. To the response a response is deemed necessary, CCA denies the allegations contained therein.

34. The allegations of Paragraph 34 are directed solely to defendant District of Columbia and do not pertain to CCA. To the response a response is deemed necessary, CCA denies the allegations contained therein.

35. The allegations of Paragraph 35 are directed solely to defendant District of

Columbia and do not pertain to CCA. To the response a response is deemed necessary, CCA denies the allegations contained therein.

### COUNT IV
### (Medical Malpractice CCA & CCHPS)

36. CCA incorporates its answers to Paragraph 1 - 35 as is fully set forth herein.

37. CCA affirmatively asserts that the allegations contained in Paragraph 37 go to the medical care received by Michael Farrar and as such should be directed solely to defendant District of Columbia and/or CCHPS. To the extent a response is necessary from CCA, CCA denies the allegations of Paragraph 37.

38. CCA denies the allegations of Paragraph 38.

39. CCA affirmatively asserts that the allegations contained in Paragraph 39 go to the medical care received by Michael Farrar and as such should be directed solely to defendant District of Columbia and/or CCHPS. To the extent a response is necessary from CCA, CCA denies the allegations of Paragraph 39.

40. CCA denies the allegations of Paragraph 40.

### COUNT V
### (Infliction of Emotional Distress)

41. CCA incorporates its answers to Paragraph 1 - 40 as is fully set forth herein.

42. CCA denies the allegations contained in Paragraph 42.

43. CCA denies the allegations contained in Paragraph 43.

44. CCA denies the allegations contained in Paragraph 44.

45. CCA denies the allegations contained in Paragraph 45.

**RELIEF REQUESTED**

CCA denies that plaintiff is entitled to any of the relief she seeks.

**DENIAL OF MATTERS NOT SPECIFICALLY ADMITTED**

CCA denies each and every allegation contained in Plaintiff's Complaint not specifically admitted herein. CCA further denies that it is not liable to plaintiff under any theory of law or fact.

**AFFIRMATIVE AND ADDITIONAL DEFENSES**

46. As a separate defense or in the alternative, CCA alleges that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

47. As a separate defense or in the alternative, CCA states that it violated no duties owed to plaintiff's decedent.

48. As a separate defense or in the alternative, CCA states that it neither caused nor contributed to the death of plaintiff's decedent.

49. As a separate defense or in the alternative, CCA states that plaintiff's losses and damages, if any, were the result of the negligence of someone other than CCA, thereby reducing or eliminating any damage owed by CCA.

50. As a separate defense or in the alternative, CCA alleges that it and its employees acted in good faith and without malice at all times and their actions were objectively reasonable under all the circumstances.

51. As a separate defense or in the alternative, CCA alleges that plaintiff has failed to comply with the requisite statute of limitations pursuant to D.C. Code § 12-101, *et seq.* and § 16-2701, *et seq.*

52. As a separate defense or in the alternative, CCA alleges that plaintiff's claims are neither recognized nor recoverable under D.C. Code § 12-101, *et seq.*

53. As a separate defense or in the alternative, CCA alleges that plaintiff has failed to set forth the requisite showing of subjective intent necessary to sustaining a cause of action alleging a constitutional violation, thereby warranting dismissal of this claim

54. As a separate defense or in the alternative, CCA alleges that there existed no conduct in this case motivated by an evil motive or intent, nor did any conduct involve reckless or callous indifference to the rights of plaintiff, thereby precluding punitive damages.

55. As a separate defense, or in the alternative, CCA alleges that pursuant to its contract with the District of Columbia, it is not responsible for medical treatment of inmates housed at CTF and has assumed no duty with respect to medical treatment of inmates at CTF and therefore cannot be held liable for such.

56. To the extent supported by the evidence, CCA will rely on the following affirmative defenses should subsequent discovery reveal these differences are appropriate. Specifically, CCA asserts the following affirmative defenses set forth in Rule 8(c) Fed. R. Civ. P. and Rule 12, including but not limited to: assumption of risk, contributory negligence, duress, estoppel, fraud, illegality, release, *res judicata*, waiver, collateral estoppel, claim preclusion and/or issue preclusion, insufficiency of process and insufficiency of service of process.

CCA reserves the right to amend its answer to Plaintiff's Complaint, to assert additional defenses or withdraw defenses, and to add counterclaims as may become necessary after reasonable opportunity, or discovery has occurred up through and including the trial in this matter.

WHEREFORE, having fully answered Plaintiff's Complaint, CCA requests that the claims against it be dismissed, that judgment be entered in favor of CCA, that it be awarded its reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988, and for such other and further relief as the Court deems just and proper. CCA demands a jury trial as to all triable issues.

Respectfully submitted,

  s/ Rebecca E. Kuehn

Daniel P. Struck (D.C. Bar No. CO0037)
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue
Suite 800
Phoenix, Arizona 85012
Telephone: (602) 263-7323
Facsimile: (602) 200-7811

Kevin L. Newsome (D.C. Bar No. 439206)
Rebecca E. Kuehn (D.C. Bar No. 447481)
LECLAIR RYAN, A PROFESSIONAL CORPORATION
225 Reinekers Lane
Suite 700
Alexandria, Virginia 22314
Telephone: (703) 684-8007
Facsimile: (703) 684-8075

Filed Electronically this 25th day of January, 2006.