UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

YVETTE BRYANT, Personal Representative )
To the Estate of Michael Farrar )
)
      Plaintiff, )
) Civil Action No. 05-2089 (CKK)
      v. )
)
CORRECTIONS CORPORATION OF )
AMERICA, *et al.,* )
)
      Defendants. )
_____ )

### DEFENDANT DISTRICT OF COLUMBIA'S
### ANSWER TO THE AMENDED COMPLAINT

Defendant District of Columbia ("Defendant"), by and through counsel, answers the Amended Complaint herein as follows:

### First Defense

The Amended Complaint fails to state a claim upon which relief can be granted.

### Second Defense

As to each of the numbered paragraphs of the Amended Complaint, Defendant specifically answers as follows:

### AMENDED COMPLAINT

The allegations in the introductory paragraph of the Amended Complaint are a statement of claims of and by the pleader to which no response is required. To an extent a response is required, this Defendant denies the allegations and demands strict proof thereof.

## PARTIES

Defendant lacks sufficient information to admit or deny the allegations in the first non-numbered paragraph under Parties of the Amended Complaint. To an extent a response is required, this Defendant denies the allegations and demands strict proof thereof.

The second non-numbered paragraph under Parties of the Amended Complaint is admitted.

The allegations in the third non-numbered paragraph under Parties of the Amended Complaint are directed to a defendant other than the District of Columbia and therefore require no response. To the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

The allegations in the fourth non-numbered paragraph under Parties of the Amended Complaint are directed to a defendant other than the District of Columbia and therefore require no response. To the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

## FACTS

1. With regard to paragraph 1 of the Amended Complaint, Defendant:

    a. Admits that at the time of Michael Farrar's death, he was committed to the custody and care of the District of Columbia government; and

    b. Defendant lacks sufficient information to admit or deny the remaining allegations of paragraph 1 of the Amended Complaint. To the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

2. With regard to paragraph 2 of the Amended Complaint, Defendant:

   a. Admits that at the time of Michael Farrar's death, he was receiving medical treatment in the form of dialysis;

   b. Defendant lacks sufficient information to admit or deny the remaining allegations of paragraph 2 of the Amended Complaint. To the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

3. Defendant lacks sufficient information to admit or deny the allegations of paragraph 3 of the Amended Complaint. To the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

4. Defendant lacks sufficient information to admit or deny the allegations of paragraph 4 of the Amended Complaint. To the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

5. Defendant lacks sufficient information to admit or deny the allegations of paragraph 5 of the Amended Complaint. To the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

6. Defendant lacks sufficient information to admit or deny the allegations of paragraph 6 of the Amended Complaint. To the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

7. Defendant lacks sufficient information to admit or deny the allegations of paragraph 7 of the Amended Complaint. To the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

8. Defendant lacks sufficient information to admit or deny the allegations of paragraph 8 of the Amended Complaint. To the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

9. Defendant lacks sufficient information to admit or deny the allegations of paragraph 9 of the Amended Complaint. To the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

10. Defendant lacks sufficient information to admit or deny the allegations of paragraph 10 of the Amended Complaint. To the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

11. Defendant admits that an autopsy was done on Michael Farrar, indicating in the report that the cause of death was hypertensive cardiovascular disease. Defendant denies the remaining allegations of paragraph 11 of the Amended Complaint and demands strict proof thereof.

12. The averments as contained in Paragraph 12 of the Amended Complaint are the conclusions of and by the pleader to which no response is required. To the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

13. Paragraph 13 of the Amended Complaint is denied.

14. The averments as contained in paragraph 14 of the Amended Complaint are the conclusions of the pleader to which no response is required. To an extent a response is required, this Defendant denies the averments and demands strict proof thereof.

15. Paragraph 15 of the Amended Complaint is denied.

16. The allegations in Paragraph 16 of the Amended Complaint are the legal conclusions of and by the pleader to which no response is required. To the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

## COUNT I
### (Policy & Practice of Deliberate Indifference
### DC, CCA & CCHPS)

17. Defendant incorporates by reference herein its answers to Paragraphs 1 through 16 of the Amended Complaint.

18. With regard to paragraph 18 of the Amended Complaint, Defendant:

   a. admits that the Department of Corrections, under the general direction and supervision of the Mayor, has charge of the management and regulation of the D.C. Jail, and is responsible for the safekeeping, care protection, instruction, and discipline of all persons committed to said institution. D.C. Code 24-211-02 (2001);

   b. admits that Defendant entered into a contract with Corrections Corporation of America to operate and maintain the Correctional Treatment Facility, except in the area of medical services and food service for inmates housed at the facility; and

   c. Defendant denies the remaining allegations in paragraph 18 of the Amended Complaint and demands strict proof thereof.

19. Paragraph 19 of the Amended Complaint is denied.

20. Paragraph 20 of the Amended Complaint is denied.

21. Paragraph 21 of the Amended Complaint is denied.

22. The allegations in Paragraph 22 of the Amended Complaint are directed to a defendant other than the District of Columbia and therefore require no response. To the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

23. With regard to paragraph 23 of the Amended Complaint, Defendant:

    a. admits that it owed those duties as required by law; and

    b. denies the remaining allegations in paragraph 23 of the Amended Complaint and demands strict proof thereof.

24. Paragraph 23 of the Amended Complaint is denied.

25. Paragraph 25 of the Amended Complaint is denied.

## COUNT II
### (Eighth Amended Violation
### Deliberate Indifference CCA & CCHPS)

26. Defendant incorporates by reference herein its answers to Paragraphs 1 through 25 of the Amended Complaint.

27. The allegations in Paragraph 27 of the Amended Complaint are directed to a defendant other than the District of Columbia and therefore require no response. To the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

28. The allegations in Paragraph 28 of the Amended Complaint are directed to a defendant other than the District of Columbia and therefore require no response. To the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

29. The allegations in Paragraph 29 of the Amended Complaint are directed to a defendant other than the District of Columbia and therefore require no response. To the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

30. The allegations in Paragraph 30 of the Amended Complaint are directed to a defendant other than the District of Columbia and therefore require no response. To the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

31. The allegations in Paragraph 31 of the Amended Complaint are directed to a defendant other than the District of Columbia and therefore require no response. To the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

## COUNT III
**(Negligence in Hiring, Retention, Monitoring & Supervision:  DC)**

32. Defendant incorporates by reference herein its answers to Paragraphs 1 through 31 of the Amended Complaint.

33. The allegations in Paragraph 33 of the Amended Complaint are the legal conclusions of and by the pleader to which no response is required. To the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

34. Paragraph 34 of the Amended Complaint is denied.

35. Paragraph 35 of the Amended Complaint is denied.

## COUNT IV
### (Medical Malpractice
### CCA & CCHPS)

36. Defendant incorporates by reference herein its answers to Paragraphs 1 through 35 of the Amended Complaint.

37. The allegations in Paragraph 37 of the Amended Complaint are directed to a defendant other than the District of Columbia and therefore require no response. To the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

38. The allegations in Paragraph 38 of the Amended Complaint are directed to a defendant other than the District of Columbia and therefore require no response. To the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

39. The allegations in Paragraph 39 of the Amended Complaint are directed to a defendant other than the District of Columbia and therefore require no response. To the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

40. The allegations in Paragraph 40 of the Amended Complaint are directed to a defendant other than the District of Columbia and therefore require no response. To the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

## COUNT V
### (Infliction of Emotional Distress)

41. Defendant incorporates by reference herein its answers to Paragraphs 1 through 40 of the Amended Complaint.

42. Paragraph 42 of the Amended Complaint is denied.

43. Paragraph 43 of the Amended Complaint is denied.

44. Paragraph 44 of the Amended Complaint is denied.

45. Paragraph 45 of the Amended Complaint is denied.

### Third Defense

Defendant denies all allegations of wrongdoing, including but not limited to violations of common law, statutory and operational standards, negligence, deliberate indifference, and unconstitutional policy or custom.

### Fourth Defense

Defendant, its agents, servants, and employees acting within the course and scope of their employment, have performed their obligations, if any, towards plaintiff in accordance with all applicable statutory, regulatory, constitutional, and common law requirements.

### Fifth Defense

If plaintiff was injured and/or damaged as alleged in the Amended Complaint, such injuries were the result of his own intentional, illegal and/or otherwise wrongful conduct.

### Sixth Defense

If plaintiff was injured and/or damaged as alleged in the Amended Complaint, such injuries and damages were the results of his own sole or contributory negligence and/or his assumption of the risk.

### Seventh Defense

If plaintiff was injured and/or damaged as alleged in the Amended Complaint, such injuries and damages were the result of a person or persons other than Defendant, their employees, agents and servants acting within the scope of their employment.

### Eighth Defense

Defendant's interpretations of all applicable contractual, statutory, regulatory, constitutional, and common law requirements are rational and reasonable; are not arbitrary and capricious; and are otherwise in accordance with the law.

### Ninth Defense

At all times relevant herein, Defendant, its employees, agents and servants, acting within the course and scope of their employment, have acted in good faith and with the reasonable belief that their actions were lawful under the circumstances.

### Tenth Defense

Defendants assert immunity, qualified immunity, absence of bad faith and absence of gross negligence and reckless indifference.

### Eleventh Defense

Acts or omissions of Defendant, its employees, agents, or servants acting within the course and scope of their employment, were discretionary and/or cannot create liability pursuant to the doctrine of absolute and/or qualified immunity.

### Twelfth Defense

Plaintiff may have failed to fully comply with the mandatory notice requirements of D. C. Code Section 12-309 (1981).

### Thirteenth Defense

Plaintiff may have failed to mitigate his damages.

### Fourteenth Defense

Plaintiff may have filed this action outside the time limits imposed by the Statute of Limitations.

Defendant reserves the right to amend its Answer to the Amended Complaint and to raise any additional defenses, which the evidence in discovery may reveal.

### Set-off

Defendant asserts a set-off against any judgment rendered against it for all funds and services provided to or on behalf of Plaintiff, including medical care.

### Jury Demand

Defendants hereby demand a trial by jury.

WHEREFORE, having fully answered the Amended Complaint filed herein, Defendant prays that same be dismissed, and that it recover its costs of suit expended herein.

> Respectfully submitted,
>
> ROBERT J. SPAGNOLETTI
> Attorney General for the District of Columbia
>
> GEORGE C. VALENTINE
> Deputy Attorney General
> Civil Litigation Division
>
>
> _____/s/_____
> KIMBERLY MATTHEWS JOHNSON [435163]
> Section Chief
> General Litigation Section I

_____/s/_____
THERESA A. ROWELL [462523]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6539