UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YVETTE BRYANT<br>*PERSONAL REPRESENTATIVE*<br>*of the Estate of* MICHAEL FARRAR<br><br>      Plaintiff,<br><br>v.<br><br>CORRECTIONS CORPORATION OF<br>AMERICA, <u>et al.</u><br><br>      Defendants. | *<br>*<br>*<br>*   Case No.:  1:05cv2089<br>*    Judge Colleen Kollar- Kotelly<br>*<br>*<br> |

_____

**LOCAL RULE 16.3 MEET AND CONFER STATEMENT**

      Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 16.3, and the Court's Order, the parties before the Court, by and through their respective counsel for record, respectfully submit the following Joint Report:

      Plaintiff, on behalf of the estate of the Decedent, maintains that at all times relevant, Decedent, who suffered from renal disease and diabetes, had been committed to the care and custody of the District of Columbia Department of Corrections. Plaintiff contends that on or about December 29, 2003, Defendants failed to adequately monitor Decedent's medical condition, failed to adequately monitor the Decedent's vital signs while housed on the sick ward and failed to respond to Decedent's request for medial assistance. As results thereof, Plaintiff died from cardiac arrest precipitated by congestive heart failure. Plaintiff further alleges that Defendants failed to provide Decedent with a proper diet that was required by his medical condition and that such failure was a contributing factor to Decedent's death.

      Defendant Corrections Corporation of America ("CCA") denies the specific allegations of the Plaintiff, denies that it was responsible for the death of Decedent, and denies specifically that it was responsible for Decedent's medical care.

      Defendant Center for Correctional Health and Policy Studies denies it was responsible for the death of Decedent.

      Defendant District of Columbia denies it was responsible for the death of Decedent, and denies all allegations of wrongdoing, including but not limited to violations of common law, statutory and operational standards, negligence, deliberate indifference, and unconstitutional policy or custom.

1.      Defendants CCA and the District of Columbia believe that the claims against it are likely to be disposed of by motion filed after the close of discovery.  Plaintiff believes that it is unlikely that the matter will be disposed of as against one or more defendants by dispositive motion.

2.      The parties do not anticipate requiring the addition of any parties or any further amendments to the pleadings.  Should any party determine that it is appropriate to add an additional party or to amend the pleadings, the Parties believe that any amendment to the pleadings and or the addition of additional parties should occur within 60 days of the Scheduling Order

3.      Plaintiff believes that the matter should be set before a magistrate judge for all purposes, including trial.  The District of Columbia and CCA do not agree that the matter should be set before a magistrate judge.  However, the District and CCA agree that ADR should be conducted by a magistrate judge.

4.      The Parties believe that there is a realistic possibility of settling the case.

5.      The parties are willing to have the matter referred to Alternative Dispute Resolution after discovery has been completed.

6.      The parties propose the following case management schedule for consideration by the Court:

        (a)     Initial disclosures under 26 (a) (1) should be made within 30 days following the scheduling conference.

        (b)     Discovery should be completed by July 25, 2006.  All written discovery requests are to be served by June 15, 2006.

        (c)     Plaintiff's Federal Rule of Civil Procedure 26(a)(2) Statements should be served by May 16, 2006; defendant's 26(a)(2) Statements should be served by June 15, 2006.

7.      This is not a class action.

8.      The parties do not believe that trial or discovery should be bifurcated or managed in phases at this time

9.      The parties propose that a final pretrial conference be set within 60 days after the court rules on dispositive motions.

10.     The parties agree that the Court should defer setting a trial date until the final pretrial conference.

Respectfully submitted,

_____/s/_____
Sherman Robinson
5335 Wisconsin Avenue, NW, #440
Washington, D.C.  20015
(202) 686-4858

Barry McCoy Tapp
TAPP & ASSOCIATES
14662 Cambridge Circle
Laurel, MD 20707-3733
(301) 725-6030
Fascimile: (301) 490-4865
Counsel for Plaintiff


____/s/_____
Rebecca E. Kuehn
Kelvin L. Newsome
LECLAIR RYAN, A PROFESSIONAL CORPORATION
225 Reinekers Lane, Suite 700
Alexandria, Virginia 22314
Telephone: (703) 684-8007
Facsimile: (703) 684-8075

Daniel P. Struck
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue
Suite 800
Phoenix, Arizona 85012
Telephone: (602) 263-7323
Facsimile: (602) 200-7811

Counsel for Defendant
Correction Corporation of America, Inc. .

\_\_\_\_\_/s/_____
Leo A. Roth, Jr.
Brault Graham, LLC
110 South Washington Street
Rockville, MD  20850
(301) 424-1060
Facsimile: (301) 424-0405

Counsel for Defendant
Center for Correctional Health
and Policy Studies, Inc



ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE  C. VALENTINE
Deputy Attorney General, Civil Litigation Division


_____/s/_____
KIMBERLY MATTHEWS JOHNSON
Chief, General Litigation Section I
Bar Number 435163



_____/s/_____
THERESA A. ROWELL
Assistant Attorney General
Bar Number 462523
Suite 6S087
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 724-6539
(202) 727-3625 (fax)
E-mail:  Theresa.Rowell2@dc.gov


Counsel for the District of Columbia