UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| YVETTE BRYANT ) | |
| Personal Representative of the Estate of ) | |
| Michael Farrar ) | |
| 2905 Woodlawn Trail ) | No. 05-CV-02089 (CKK) |
| Alexandria, VA  22306 ) | |
| Plaintiff, | |
| v. | |
| CORRECTIONS CORPORATION OF | |
| AMERICA | |
| and | |
| CENTER FOR CORRECTIONAL | |
| HEALTH AND POLICY STUDIES, INC. | |
| and | |
| DISTRICT OF COLUMBIA | |
| GOVERNMENT | |
| and | |
| DAVITA CORPORATION, INC. | |
| Defendants. | |

**ANSWER OF DEFENDANT, THE CENTER FOR CORRECTIONAL HEALTH & POLICY STUDIES, INC. TO SECOND AMENDED COMPLAINT**

COMES NOW, Defendant, The Center for Correctional Health & Policy Studies, Inc. ("CCHPS"), through counsel, Leo A. Roth, Jr, Esquire and Brault Graham, P.L.L.C., and for its Answer to the Second Amended Complaint filed herein, states as follows:

**FIRST DEFENSE**

The Second Amended Complaint fails to state a cause of action upon which relief can be granted.

**SECOND DEFENSE**

In specific answer to the enumerated paragraphs, CCHPS states as follows:

**Second Amended Complaint**

This Defendant admits that plaintiff has filed this action and made the allegations as alleged. This Defendant denies all allegations made against it in this paragraph.

**Parties**

In answer to the allegations in this section, this Defendant states:

It is without information or belief to admit or deny the first non-numbered paragraph and therefore demands strict proof thereof. The second non-numbered paragraph is admitted. The third non-numbered paragraph will be answered by that Defendant. CCHPS admits it has contracted to perform the medical care for inmates at DC Detention Facility for the relevant time period herein. The fourth non-numbered paragraph will be answered by that Defendant.

**Facts**

1.  Admitted.

2-11.  At this time, this Defendant denies these paragraphs as phrased and demands strict proof of this allegation.

12.  Denied.

13-16.  This Defendant denies the allegations in these paragraphs that are either implied or specifically directed towards any care given by, and/or action or failure of any action by this Defendant.

## Count I

### (Deliberate Indifference)

17. Defendant incorporates its responses to paragraphs one through sixteen in response to the allegations contained in this paragraph.

18. The allegations contained in this paragraph are not made against this Defendant and therefore no response is necessary.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. This allegations will be answered by co-defendant.

24. Denied.

25. Denied.

## Count II

### (Eighth Amendment)

26. Defendant incorporates its responses to paragraphs one through twenty-five in response to the allegations contained in this paragraph.

27. Denied as phrased.

28. CCHPS admits its employee healthcare professionals owed plaintiff a duty of reasonable care for the medical treatment rendered by its employees.

29. Denied.

30. Denied.

31. Denied.

### Count III

### (Negligent Hiring: DC)

32. Defendant incorporates its responses to paragraphs one through thirty-one in response to the allegations contained in this paragraph.

33-35. All allegations contained in these paragraphs are directed to the District of Columbia, and will be answered by that Defendant.

### Count IV

### (Medical Malpractice)

36. Defendant incorporates its responses to paragraphs one through thirty-five in response to the allegations contained in this paragraph.

37. CCHPS admits its employee health care professionals owed plaintiff a duty of reasonable care for the medical treatment rendered by its employees.

38-40. Denied.

### Count V

### (Infliction of Emotional Distress)

41. Defendant incorporates its responses to paragraphs one through forty in response to the allegations contained in this paragraph.

42-45. Denied.

### Count VI

### (Medical Malpractice: Davita Corporation)

46. Defendant incorporates its responses to paragraphs one through forty five in response to the allegations contained in this paragraph.

47-51.  These paragraphs are directed to Defendant Davita Corporation, and will be answered by that Defendant.

## THIRD DEFENSE

Some or all of Plaintiff's claims are barred by the applicable statute of limitations as described by DC Code §12-301, *et seq.*

## FOURTH DEFENSE

Defendant denies that it acted under color of District of Columbia Law, but states alternatively that Plaintiff's claims are barred by his failure to give proper statutory notice of intent to file a claim, pursuant to D.C. Code §12-309.

## FIFTH DEFENSE

Some or all of Plaintiff's claims are barred by DC Code §16-2701.

## SIXTH DEFENSE

Anything not specifically admitted is denied.

        Respectfully submitted,

        BRAULT GRAHAM, P.L.L.C.

        _____/s/_____
        LEO A. ROTH, JR.   #11604
        110 South Washington Street
        Rockville, MD  20850
        (301) 424-1060
        Counsel for the Center for Correctional Health and Policy Studies, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of March 2006, the foregoing **Answer of Defendant, The Center for Correctional Health & Policy Studies, Inc., to Second Amended Complaint,** was mailed, via first class mail to:

Sherman Robinson, Esquire
5335 Wisconsin Avenue, Suite 440
Washington, DC  20015
Counsel for Plaintiff

Daniel P.Struck, Esquire
Jones, Skelton & Hochuli, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona  85012
Counsel for Corrections Corp. of America

Rebecca E. Kuehn, Esquire
LeClair Ryan
225 Reinekers Lane, Suite 700
Alexandria, VA  22314
Counsel for Corrections Corp. of America

Theresa A. Rowell, Esquire
Office of the Attorney General for the District of Columbia
441 4th Street, NW, 6th Floor South
Washington, DC  20001
Counsel for Anthony Williams

                                                               /s/
                                         LEO A. ROTH, JR.