## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

YVETTE BRYANT, Personal Representative of the
Estate of MICHAEL FARRAR,

             Plaintiff,

    v.

CORRECTIONS CORPORATION OF AMERICA,
INC., et al.

             Defendants.

Civil Action No. 1:05-CV-02089
Judge Colleen Kollar-Kotelly

## ANSWER OF CORRECTIONS CORPORATION OF AMERICA TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant CORRECTIONS CORPORATION OF AMERICA ("CCA"), through counsel, hereby responds to Plaintiff's Second Amended Complaint as follows:

### COMPLAINT

The allegations contained in the introductory paragraph are characterizations of plaintiff's claims and conclusions of law to which no response is required. To the extent that a response is required, CCA denies the allegations contained therein.

### PARTIES

CCA is without sufficient knowledge or information to admit or deny the allegations contained in the first paragraph under the heading "Parties" and therefore denies the same.

The allegations contained in the second paragraph under the heading "Parties" are asserted solely against the District of Columbia, and do not pertain to CCA. To the extent that a response is deemed necessary, CCA denies the allegations of this paragraph.

As to the allegations of the third paragraph under the heading "Parties", CCA admits only that it is a corporation and pursuant to a contract with the District of Columbia operates a facility known as the Correctional Treatment Facility (CTF) and is licensed to conduct business in the

District of Columbia.  CCA denies the remaining allegations of this paragraph.

The allegations of the fourth paragraph under the heading "Parties" are asserted solely against the Center for Correctional Health and Policy Studies, Inc., and does not pertain to CCA. To the extent that a response is deemed necessary CCA denies the allegations.

The allegations of the fifth paragraph under the heading "Parties" are asserted solely against the Davita Corporation, Inc. ("Davita") and does not pertain to CCA.  To the extent that a response is deemed necessary, CCA denies the allegations.

FACTS

1.     CCA is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 1 and therefore denies the same.

2.     CCA admits only that the decedent was receiving dialysis treatment for end-stage renal disease.  CCA further admits, upon information and belief, that the decedent was a diabetic. As to the remaining allegations of Paragraph 2, CCA is without sufficient knowledge or information to admit or deny the allegations contained therein and therefore denies the same.

3.     CCA admits only that on December 29, 2003, Michael Farrar was housed in Level 82 of CTF and that he was suffering from end-stage renal disease.  CCA further admits, upon information and belief, that Michael Farrar was a diabetic.  As to the remaining allegations of Paragraph 3, CCA is without sufficient knowledge or information to admit or deny the allegations contained therein and therefore denies the same.

4.     CCA is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 4 and therefore denies the same.

5.     CCA is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 5 and therefore denies the same.

6.     In response to Paragraph 6 of Plaintiff's Second Amended Complaint, CCA admits that the cells in the medical unit were equipped with call buttons which could be utilized as one method an inmate could use to access medical personnel should the need arise.  CCA denies the remaining allegations contained in Paragraph 6 of Plaintiff's Second Amended

Complaint.

7.      CCA affirmatively asserts that it monitored the cell units on Level 82 as required. As to the remaining allegations of Paragraph 7, CCA is without sufficient knowledge or information to admit or deny the allegations contained therein and therefore denies the same.

8.      CCA denies the allegations in Paragraph 8.

9.      CCA is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 9 and therefore denies the same.

10.     CCA admits only that at approximately 4:59 a.m., Farrar was found in his bed and was unresponsive.  CCA denies the remaining allegations of Paragraph 10.

11.     CCA admits that Farrar was pronounced dead at 5:52 a.m. and the autopsy report indicated that the cause of death was hypertensive cardiovascular disease.  CCA denies the remaining allegations of Paragraph 11.

12.     CCA affirmatively asserts that the allegations contained in Paragraph 12 go to the medical care received by Michael Farrar and as such, should be directed to defendant District of Columbia and/or CCHPS.  The District of Columbia has entered a notice of appearance on behalf of CCA and has agreed to defend and indemnify CCA for all medically related claims.  To the extent a response is necessary from CCA, CCA denies the allegations of Paragraph 12.

13.     CCA denies the allegations contained in Paragraph 13.

14.     CCA denies the allegations contained in Paragraph 14.

15.     CCA denies the allegations contained in Paragraph 15.

16.     The allegations contained in Paragraph 16 are conclusions of law to which no response is required.  To the extent that a response is required, CCA denies the allegations contained therein.

## COUNT I
### (Policy and Practice of Deliberate Indifference
### D.C., CCA & CCHPS)

17.     CCA incorporates its answers to Paragraphs 1 – 16 as fully set forth herein.

18.     CCA admits that it operates a facility known as CTF pursuant to a contract with

the District of Columbia. CCA further admits that pursuant to its contract with the District of Columbia, it is not responsible for the medical treatment or care of the inmates housed at CTF. The District of Columbia has entered a notice of appearance on behalf of CCA and has agreed to defend and indemnify CCA for all medically related claims. The remaining allegations of Paragraph 18 are conclusions of law to which no response is required. To the extent that a response is required, CCA denies the remaining allegations contained therein.

19.     CCA denies the allegations of Paragraph 19.

20.     CCA denies the allegations of Paragraph 20.

21.     CCA denies the allegations contained in Paragraph 21.

22.     CCA admits only that it owed those duties as required by law, and CCA denies the remaining allegations of Paragraph 22.

23.     The allegations contained in Paragraph 23 are asserted solely against defendant District of Columbia and do not pertain to CCA. To the extent a response is deemed necessary, CCA denies the allegations contained therein.

24.     CCA denies the allegations of Paragraph 24.

25.     CCA denies the allegations of Paragraph 25.

## COUNT II
### (Eighth Amended Violation Deliberate Indifference CCA & CCHPS)

26.     CCA incorporates its answers to Paragraphs 1-25 as if fully set forth herein.

27.     CCA denies he allegations contained in Paragraph 27.

28.     CCA affirmatively asserts that the allegations contained in Paragraph 28, 29 and 30 go to the medical care received by Michael Farrar and as such, should be directed solely to defendant District of Columbia and/or CCHPS. The District of Columbia has entered a notice of appearance on behalf of CCA and has agreed to defend and indemnify CCA for all medically related claims. To the extent a response is necessary from CCA, CCA denies the allegations of Paragraphs 28, 29 and 30.

29.    CCA denies the allegations of Paragraph 31.

## COUNT III
### (Negligence in Hiring, Retention, Monitoring & Supervision: D.C.)

30.    CCA incorporates its answers to Paragraphs 1-29 as fully set forth herein.

31.    The allegations of Paragraph 33 are directed solely to defendant District of Columbia and do not pertain to CCA.   To the extent a response is deemed necessary, CCA denies the allegations contained therein.

32.    The allegations of Paragraph 34 are directed solely to defendant District of Columbia and do not pertain to CCA.   To the extent a response is deemed necessary, CCA denies the allegations contained therein.

33.    The allegations of Paragraph 35 are directed solely to defendant District of Columbia and do not pertain to CCA.   To the extent a response is deemed necessary, CCA denies the allegations contained therein.

## COUNT IV
### (Medical Malpractice CCA & CCHPS)

34.    CCA incorporates its answers to Paragraphs 1 – 33 as if fully set forth herein.

35.    CCA affirmatively asserts that the allegations contained in Paragraph 37 go to the medical care received by Michael Farrar and as such should be directed solely to defendant District of Columbia and/or CCHPS.   The District of Columbia has entered a notice of appearance on behalf of CCA and has agreed to defend and indemnify CCA for all medically related claims.   To the extent a response is necessary from CCA, CCA denies the allegations of Paragraph 37.

36.    CCA denies the allegations of Paragraph 38.

37.    CCA affirmatively asserts that the allegations contained in Paragraph 39 go to the medical care received by Michael Farrar and as such should be directed solely to defendant District of Columbia and/or CCHPS.   The District of Columbia has entered a notice of

1609122.1

appearance on behalf of CCA and has agreed to defend and indemnify CCA for all medically related claims.  To the extent a response is necessary from CCA, CCA denies the allegations of Paragraph 39.

38.     CCA affirmatively asserts that the allegations contained in Paragraph 40 go to the medical care received by Michael Farrar and as such should be directed solely to defendant District of Columbia and/or CCHPS.  The District of Columbia has entered a notice of appearance on behalf of CCA and has agreed to defend and indemnify CCA for all medically related claims.  To the extent a response is necessary from CCA, CCA denies the allegations of Paragraph 40.

## COUNT V
### (Infliction of Emotional Distress)

39.     CCA incorporates its answers to Paragraphs 1 – 38 as if fully set forth herein.

40.     CCA denies the allegations contained in Paragraph 42.

41.     CCA denies the allegations contained in Paragraph 43.

42.     CCA denies the allegations contained in Paragraph 44.

43.     CCA denies the allegations contained in Paragraph 45.

## COUNT VI
### (Medical Malpractice: Davita Corporation)

44.     CCA incorporates its answers to Paragraphs 1-43 as if fully set forth herein.

45.     The allegations of Paragraph 47 are directed solely to defendant Davita and do not pertain to CCA.  To the extent a response is deemed necessary CCA denies the allegations contained therein.

46.     The allegations of Paragraph 48 are directed solely to defendant Davita and do not pertain to CCA.  To the extent a response is deemed necessary CCA denies the allegations contained therein.

47.     The allegations of Paragraph 49 are directed solely to defendant Davita and do not

-6-

pertain to CCA.  To the extent a response is deemed necessary CCA denies the allegations contained therein.

48.     The allegations of Paragraph 50 are directed solely to defendant Davita and do not pertain to CCA.  To the extent a response is deemed necessary CCA denies the allegations contained therein.

49.     The allegations of Paragraph 51 are directed solely to defendant Davita and do not pertain to CCA.  To the extent a response is deemed necessary CCA denies the allegations contained therein.

## RELIEF REQUESTED

CCA denies that plaintiff is entitled to any of the relief she seeks.

## DENIAL OF MATTERS NOT SPECIFICALLY ADMITTED

CCA denies each and every allegation contained in Plaintiff's Second Amended Complaint not specifically admitted herein.  CCA further denies that it is not liable to plaintiff under any theory of law or fact.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

50.     As a separate defense or in the alternative, CCA alleges that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

51.     As a separate defense or in the alternative, CCA states that it violated no duties owed to plaintiff's decedent.

52.     As a separate defense or in the alternative, CCA states that it neither caused nor contributed to the death of plaintiff's decedent.

53.     As a separate defense or in the alternative, CCA states that plaintiff's loses and damages, if any, were the result of the negligence of someone other than CCA< thereby reducing or eliminating any damage owed by CCA.

54.     As a separate defense or in the alternative, CCA alleges that it and its employees acted in good faith and without malice at all time and their actions were objectively reasonable under all circumstances.

1609122.1

55.    As a separate defense or in the alternative, CCA alleges that plaintiff has failed to comply with the requisite statute of limitations pursuant to D.C. Code § 12-101, et seq. and § 16-2701, et seq.

56.    As a separate defense or in the alternative, CCA alleges that plaintiff's claims are neither recognized nor recoverable under D.C. Code § 12-101, et seq.

57.    As a separate defense or in the alternative, CCA alleges that plaintiff has failed to set forth the requisite showing of subjective intent necessary to sustaining a cause of action alleging a constitutional violation, thereby warranting dismissal of this claim

58.    As a separate defense or in the alternative, CCA alleges that there existed no conduct in this case motivated by an evil motive or intent, nor did any conduct involve reckless or callous indifference to the rights of plaintiff, thereby precluding punitive damages.

59.    As a separate defense, or in the alternative, CCA alleges that pursuant to its contract with the District of Columbia, it is not responsible for medical treatment of inmates housed at CTF and has assumed no duty with respect to medical treatment of inmates at CTF and therefore cannot be held liable for such.

60.    To the extent supported by the evidence, CCA will rely on the following affirmative defenses should subsequent discovery reveal these differences are appropriate. Specifically, CCA asserts the following affirmative defenses set forth in Rule 8(c) Fed. R. Civ. P. and Rule 12, including but not limited to: assumption of risk, contributory negligence, duress, estoppel, fraud, illegality, release, res judicata, waiver, collateral estoppel, claim preclusion and/or issue preclusion, insufficiency of process and insufficiency of service of process.

WHEREFORE, CCA reserves the right to amend its answer to Plaintiff's Second Amended Complaint, to assert additional defenses or withdraw defenses, and to add counterclaims as may become necessary after reasonable opportunity, or discovery has occurred up through and including the trial in this matter.  Wherefore, having fully answered Plaintiff's Second Amended Complaint, CCA requests that the claims against it be dismissed, that judgment be entered in favor of CCA, that it be awarded its reasonable attorneys' fees and costs

1609122.1

pursuant to 42 U.S.C. § 1988, and for such other and further relief as the Court deems just and proper.  CCA demands a jury trial as to all triable issues.

Respectfully submitted,


By:    /s/ Rebecca E. Kuehn
  Daniel P. Struck, (D.C. Bar No. CO0037)
  JONES, SKELTON & HOCHULI, P.L.C.
  2901 North Central Avenue, Suite 800
  Phoenix, Arizona  85012
  Telephone:   (602) 263-7323
  Facsimile:   (602) 200-7811

  Kevin L. Newsome, Bar No. 439206
  Rebecca E. Kuehn, Bar No. 447481
  LECLAIR RYAN, A PROFESSIONAL
  CORPORATION
  225 Reinekers Lane
  Suite 700
  Alexandria, Virginia 22314
  Telephone:   (703) 684-8007
  Facsimile:   (703) 684-8075


  Attorneys for Defendant
  Corrections Corporations of America

Filed Electronically this 3rd day of April, 2006.