UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

YVETTE BRYANT, Personal Representative )
To the Estate of Michael Farrar )
)
Plaintiff, )
)    Civil Action No. 05-2089 (CKK)
v. )
)
CORRECTIONS CORPORATION OF )
AMERICA, *et al.*, )
)
The Districts. )
_____)

### THE DISTRICT OF COLUMBIA'S ANSWER
### TO THE SECOND AMENDED COMPLAINT AND
### CORRECTIONS CORPORATION OF AMERICA, INC.'S ("CCA")
### ANSWER TO THE SECOND AMENDED COMPLAINT
### AS IT RELATES TO PLAINTIFF'S ALLEGATIONS
### OF MEDICAL MALPRACTICE AGAINST CCA

The District of Columbia ("the District") and Corrections Corporation of America, Inc. ("CCA")[1], collectively referred to as ("Defendants"), by and through counsel, answer the Second Amended Complaint herein as follows:

### First Defense

The Second Amended Complaint fails to state a claim upon which relief can be granted.

### Second Defense

As to each of the numbered paragraphs of the Second Amended Complaint, the Defendants specifically answer as follows:

---

[1] The District entered a notice of appearance on behalf of CCA for the limited purpose of defending CCA against plaintiff's allegations of medical malpractice while the plaintiff's decedent was incarcerated within the Correction Treatment Facility, and has agreed to defend and indemnify CCA for all medically related claims.

## SECOND AMENDED COMPLAINT

The allegations in the introductory paragraph of the Second Amended Complaint are a statement of claims of and by the pleader to which no response is required. To an extent a response is required, the Defendants deny the allegations and demands strict proof thereof.

## PARTIES

Defendants lack sufficient information to admit or deny the allegations in the first non-numbered paragraph under Parties of the Second Amended Complaint. To an extent a response is required, the Defendants deny the allegations and demands strict proof thereof.

The second non-numbered paragraph under Parties of the Second Amended Complaint is admitted.

As to the allegations in the third non-numbered paragraph under Parties of the Second Amended Complaint, CCA admits only that it is a corporation and pursuant to a contract with the District of Columbia operates a facility known as the Correctional Treatment Facility ("CTF") and is licensed to conduct business in the District of Columbia. CCA denies the remaining allegations of this paragraph.

The allegations in the fourth non-numbered paragraph under Parties of the Second Amended Complaint are directed to a defendant other than Defendants and therefore require no response. To the extent a response is required, the Defendants deny the allegations and demand strict proof thereof.

The allegations in the fifth non-numbered paragraph under Parties of the Second Amended Complaint are directed to a defendant other than Defendants and therefore

require no response. To the extent a response is required, the Defendants deny the allegations and demands strict proof thereof.

## FACTS

1. With regard to paragraph 1 of the Second Amended Complaint, Defendants:

    a. admit that at the time of Michael Farrar's death, he was committed to the custody and care of the District of Columbia government; and

    b. lack sufficient information to admit or deny the remaining allegations of paragraph 1 of the Second Amended Complaint. To the extent a response is required, Defendants deny the allegations and demand strict proof thereof.

2. With regard to paragraph 2 of the Second Amended Complaint, Defendants:

    a. admit that at the time of Michael Farrar's death, he was receiving dialysis treatment for end-stage renal disease;

    b. decedent was a diabetic;

    c. lack sufficient information to admit or deny the remaining allegations of paragraph 2 of the Second Amended Complaint. To the extent a response is required, the Defendants deny the allegations and demand strict proof thereof.

3. With regard to paragraph 3 of the Second Amended Complaint, Defendants:

    a. admit that on December 29, 2003, Michael Farrar was housed in Level 82 of CTF and that he was suffering from end-stage renal disease;

    b. decedent was a diabetic;

   c. lack sufficient information to admit or deny the remaining allegations of paragraph 3 of the Second Amended Complaint. To the extent a response is required, Defendants deny the allegations and demand strict proof thereof.

4. Defendants lack sufficient information to admit or deny the allegations of paragraph 4 of the Second Amended Complaint. To the extent a response is required, Defendants deny the allegations and demand strict proof thereof.

5. Defendants lack sufficient information to admit or deny the allegations of paragraph 5 of the Second Amended Complaint. To the extent a response is required, Defendants deny the allegations and demand strict proof thereof.

6. With regard to paragraph 6 of the Second Amended Complaint, Defendants:

   a. admit that the cells in the medical unit were equipped with call buttons which could be utilized as one method an inmate could use to access medical personnel should the need arise;

   b. deny the remaining allegations of paragraph 6 of the Second Amended Complaint. To the extent a response is required, Defendants deny the allegations and demand strict proof thereof.

7. With regard to paragraph 7 of the Second Amended Complaint, Defendants:

   a. admit that it monitored the cell units on Level 82 as required

   b. deny the remaining allegations of paragraph 7 of the Second Amended Complaint. To the extent a response is required, Defendants deny the allegations and demand strict proof thereof.

8. Paragraph 8 is denied.

9. Defendants lack sufficient information to admit or deny the allegations of paragraph 9 of the Second Amended Complaint. To the extent a response is required, Defendants deny the allegations and demand strict proof thereof.

10. With regard to paragraph 10 of the Second Amended Complaint, Defendants:

    a. admit only that at approximately 4:59 a.m., Farrar was found in his bed and was unresponsive;

    b. deny the remaining allegations of paragraph 10 of the Second Amended Complaint. To the extent a response is required, Defendants deny the allegations and demand strict proof thereof.

11. With regard to paragraph 11 of the Second Amended Complaint, Defendants:

    a. admits that Farrar was pronounced dead at 5:52 a.m.;

    b. that an autopsy was done on Michael Farrar, indicating in the report that the cause of death was hypertensive cardiovascular disease;

    c. deny the remaining allegations of paragraph 11 of the Second Amended Complaint. To the extent a response is required, Defendants deny the allegations and demand strict proof thereof.

12. Paragraph 12 of the Second Amended Complaint is denied.

13. Paragraph 13 of the Second Amended Complaint is denied.

14. Paragraph 14 of the Second Amended Complaint is denied.

15. Paragraph 15 of the Second Amended Complaint is denied.

16. The allegations in Paragraph 16 of the Second Amended Complaint are the legal conclusions of and by the pleader to which no response is required. To

the extent a response is required, Defendants deny the allegations and demand strict proof thereof.

### COUNT I
### (Policy & Practice of Deliberate Indifference
### DC, CCA & CCHPS)

17. Defendants incorporate by reference herein its answers to Paragraphs 1 through 16 of the Second Amended Complaint.

18. With regard to paragraph 18 of the Second Amended Complaint, Defendants:

   a. States that the allegations in the first sentence of paragraph 18 are conclusions of the pleader to which no response is required

   b. admits that it entered into a contract with Corrections Corporation of America to operate and maintain the Correctional Treatment Facility, except in the area of medical services and food service for inmates housed at the facility; and

   c. Defendants deny the remaining allegations in paragraph 18 of the Second Amended Complaint. To the extent a response is required, Defendants deny the allegations and demand strict proof thereof.

19. Paragraph 19 of the Second Amended Complaint is denied.

20. Paragraph 20 of the Second Amended Complaint is denied.

21. Paragraph 21 of the Second Amended Complaint is denied.

22. The allegations contained in paragraph 22 of the Second Amended Complaint are conclusions of law and of the pleader to which no response is required. To the extent a response is required, Defendants deny the allegations and demand strict proof thereof.

23. The allegations contained in paragraph 23 of the Second Amended Complaint are conclusions of law and of the pleader to which no response is required. To the extent a response is required, Defendants deny the allegations and demand strict proof thereof.

24. Paragraph 24 of the Second Amended Complaint is denied.

25. Paragraph 25 of the Second Amended Complaint is denied.

## COUNT II
### (Eighth Amended Violation Deliberate Indifference CCA & CCHPS)

26. Defendants incorporate by reference herein their answers to Paragraphs 1 through 25 of the Second Amended Complaint.

27. Paragraph 27 of the Second Complaint is denied.

28. The allegations contained in paragraph 28 of the Second Amended Complaint are legal conclusions of the pleader to which no response is required. To the extent a response is required, Defendants deny the allegations and demand strict proof thereof.

29. Paragraph 29 of the Second Amended Complaint is denied.

30. Paragraph 30 of the Second Amended Complaint is denied..

31. Paragraph 31 of the Second Amended Complaint is denied.

## COUNT III
### (Negligence in Hiring, Retention, Monitoring & Supervision: DC)

32. Defendants incorporate by reference herein its answers to Paragraphs 1 through 31 of the Second Amended Complaint.

33. The allegations in Paragraph 33 of the Second Amended Complaint are the legal conclusions of and by the pleader to which no response is required. To the extent a response is required, the District denies the allegations and demands strict proof thereof.

34. Paragraph 34 of the Second Amended Complaint is denied.

35. Paragraph 35 of the Second Amended Complaint is denied.

### COUNT IV
### (Medical Malpractice
### CCA & CCHPS)

36. Defendants incorporate by reference herein their answers to Paragraphs 1 through 35 of the Second Amended Complaint.

37. Paragraph 37 of the Second Amended Complaint is denied.

38. Paragraph 38 of the Second Amended Complaint is denied.

39. Paragraph 39 of the Second Amended Complaint is denied.

40. The allegations contained in paragraph 40 are legal conclusions of and by the pleader to which no response is required. To the extent a response is required, CCA denies the allegations and demands strict proof thereof.

### COUNT V
### (Infliction of Emotional Distress)

41. Defendant incorporates by reference herein its answers to Paragraphs 1 through 40 of the Second Amended Complaint.

42. Paragraph 42 of the Second Amended Complaint is denied.

43. Paragraph 43 of the Second Amended Complaint is denied.

44. Paragraph 44 of the Second Amended Complaint is denied.

45. Paragraph 45 of the Second Amended Complaint is denied.

## COUNT VI
### (Medical Malpractice Devita Corporation)

46. Defendants incorporate by reference herein its answers to Paragraphs 1 through 46 of the Second Amended Complaint.

47. The allegations in Paragraph 47 of the Second Amended Complaint are directed to a defendant other than the Defendants, and therefore require no response. To the extent a response is required, Defendants deny the allegations and demands strict proof thereof.

48. The allegations in Paragraph 48 of the Second Amended Complaint are directed to a defendant other than the Defendants, and therefore require no response. To the extent a response is required, Defendants deny the allegations and demands strict proof thereof.

49. The allegations in Paragraph 49 of the Second Amended Complaint are directed to a defendant other than the Defendants, and therefore require no response. To the extent a response is required, Defendants deny the allegations and demands strict proof thereof.

50. The allegations in Paragraph 51 of the Second Amended Complaint are directed to a defendant other than the Defendants, and therefore require no response. To the extent a response is required, Defendants deny the allegations and demands strict proof thereof.

51. The allegations in Paragraph 51 of the Second Amended Complaint are directed to a defendant other than the Defendants, and therefore require no response. To the extent a response is required, Defendants deny the allegations and demands strict proof thereof.

### Third Defense

Defendants deny all allegations of wrongdoing, including but not limited to violations of common law, statutory and operational standards, negligence, deliberate indifference, and unconstitutional policy or custom.

### Fourth Defense

Defendants, their agents, servants, and employees acting within the course and scope of their employment, have performed their obligations, if any, towards plaintiff in accordance with all applicable statutory, regulatory, constitutional, and common law requirements and well as the applicable standard of care.

### Fifth Defense

If plaintiff was injured and/or damaged as alleged in the Second Amended Complaint, such injuries were the result of his own intentional, illegal and/or otherwise wrongful conduct.

### Sixth Defense

If plaintiff was injured and/or damaged as alleged in the Second Amended Complaint, such injuries and damages were the results of his own sole or contributory negligence and/or his assumption of the risk.

### Seventh Defense

If plaintiff was injured and/or damaged as alleged in the Second Amended Complaint, such injuries and damages were the result of a person or persons other than defendants, their employees, agents and servants acting within the scope of their employment.

### Eighth Defense

Defendants' interpretations of all applicable contractual, statutory, regulatory, constitutional, and common law requirements are rational and reasonable; are not arbitrary and capricious; and are otherwise in accordance with the law.

### Ninth Defense

At all times relevant herein, Defendants, their employees, agents and servants, acting within the course and scope of their employment, have acted in good faith and with the reasonable belief that their actions were lawful under the circumstances.

### Tenth Defense

Defendants assert immunity, qualified immunity, absence of bad faith and absence of gross negligence and reckless indifference.

### Eleventh Defense

Acts or omissions of the Defendants, their employees, agents, or servants acting within the course and scope of their employment, were discretionary and/or cannot create liability pursuant to the doctrine of absolute and/or qualified immunity.

### Twelfth Defense

Plaintiff may have failed to fully comply with the mandatory notice requirements of D. C. Code Section 12-309 (1981).

### Thirteenth Defense

Plaintiff may have failed to mitigate his damages.

### Fourteenth Defense

Plaintiff may have filed this action outside the time limits imposed by the Statute of Limitations.

Defendants reserve the right to amend its Answer to the Second Amended Complaint and to raise any additional defenses, which the evidence in discovery may reveal.

### Set-off

The District asserts a set-off against any judgment rendered against it for all funds and services provided to or on behalf of Plaintiff, including medical care.

### Jury Demand

The District hereby demands a trial by jury.

WHEREFORE, having fully answered the Second Amended Complaint filed herein, the Defendants pray that same be dismissed, and that they recover their costs of suit expended herein.

Date:  4/13/06

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


_____/s/_____
KIMBERLY MATTHEWS JOHNSON [435163]
Section Chief
General Litigation Section I

                /s/
THERESA A. ROWELL [462523]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6539

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

YVETTE BRYANT, Personal Representative )
To the Estate of Michael Farrar )
)
Plaintiff, )
) Civil Action No. 05-2089 (CKK)
v. )
)
CORRECTIONS CORPORATION OF )
AMERICA, et al., )
)
The Districts. )
_____ )

**THE DISTRICT OF COLUMBIA'S CROSS-CLAIM
AGAINST THE CENTER FOR CORRECTIONAL
HEALTH AND POLICY STUDIES, INC.**

1. This cross-claim is brought pursuant to Fed. R. Civ. P. Rule 13(g) in that the claim arises out of the same occurrence that is the subject matter of plaintiffs' Second Amended Complaint.

2. Plaintiff Yvette Bryant, as personal representative to the estate of Michael Farrar, filed a Second Amended Complaint against the Corrections Corporation of America, Inc. ("CCA"), Center for Correctional Health and Policy Studies, Inc. ("CCHPS"), the District of Columbia ("District"), and Davita Corporation, Inc. ("Davita"), for Michael Farrar's death on December 28, 2003, allegedly caused by the actions of the defendants. Specifically, Plaintiff alleges the following:

    (a) that on December 28-29, 2003, Michael Farrar had been assigned to the sick ward of the Central Treatment Facility ("CTF");

    (b) that he complained several times that he was not feeling well, crying out repeatedly for medical assistance;

    (c) that no one responded;

(d) that plaintiff was found in his cell during a routine patrol of the sick ward in a state of unconsciousness;

(e) that plaintiff was pronounced dead thereafter and an autopsy report indicated that the cause of death was chronic congestive failure.

Plaintiff filed this Second Amended Suit, alleging: Count 1: policy and practice of deliberate indifferences, against the District, CCA, & CCHPS; Count 2: Eight Amendment Violation and Deliberate Indifference, against CCA and CCHPS; Count III: Negligence in Hiring, Retention, Monitoring & Supervision against the District; Count IV: medical malpractice against CCA and CCHPS; Count V: infliction of emotion distress against all defendants; Count VII: medical malpractice against Devita Corporation. A copy of the Second Amended Complaint is attached hereto and made a part of this cross-claim.

3. The Contract between the Center Health and Policy Studies, Inc. and the District of Columbia requires CCHPS to indemnify the District of Columbia in lawsuits where the claim arises from an alleged act or omission of CCHPS in the performance of its contract duties and further requires that CCHPS obtain liability insurance.

4. If plaintiff's decedent's death is determined to have been caused by the negligent medical treatment received at the Central Detention Facility, as alleged in the Second Amended Complaint, and plaintiff recovers a judgment against the District of Columbia, the District of Columbia is entitled to contribution and/or indemnification from co-defendant CCHPS.

5. Any attributable acts of the District of Columbia were passive and secondary to that of co-defendant CCHPS, and entitles it to contribution and/or

indemnification from co-defendant CCHPS toward any judgment plaintiff may recover against defendant/cross-claimant District of Columbia.

WHEREFORE, should judgment be returned in favor of plaintiff and against the District of Columbia, this defendant and cross-claimant demands contribution and/or indemnity against co-defendant CCHPS in an amount not less than a total of one-half of such judgment as the plaintiff may take against it; and demands that it be awarded the expense of this litigation, costs and interests, and such other relief as the Court deems just and proper.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Kimberly M. Johnson
KIMBERLY MATTHEWS JOHNSON
Chief, General Litigation Section I
Bar Number 435163

/s/ Theresa A. Rowell
THERESA A. ROWELL
Assistant Attorney General
Bar Number 462523
441 Fourth Street, N.W., Suite 6S087
Washington, D.C. 20001
(202) 724-6539
(202) 727-3625 (fax)
E-mail: Theresa.Rowell2@dc.gov