UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

**ORIGINAL**

| | |
|---|---|
| YVETTE BRYANT, Personal Representative to the Estate of MICHAEL FARRAR, ) ) ) ) Plaintiff, ) ) v. ) ) CORRECTION CORPORATION ) OF AMERICA, *et al.*, ) ) Defendants. ) | CIVIL ACTION NO. 1:05cv02089 Judge Kollar Kotelly |

## DEFENDANT DAVITA CORPORATION, INC.'S ANSWER TO SECOND AMENDED COMPLAINT

COMES NOW the Defendant DaVita Corporation, Inc. ("DaVita"), by and through undersigned counsel, BONNER KIERNAN TREBACH & CROCIATA, LLP, and in answer to the Second Amended Complaint filed herein states as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted to the Plaintiff against this Defendant.

### SECOND DEFENSE – FACTUAL STATEMENT

As to the specific factual allegations set forth in the Second Amended Complaint, Defendant states as follows:

1. Admitted.

2. Admitted.

3. Defendant has insufficient information or knowledge to admit or deny and accordingly demands strict proof thereof.

149624_1

4. Defendant has insufficient information or knowledge to admit or deny and accordingly demands strict proof thereof.

5.-11. Defendant has insufficient information or knowledge to admit or deny the Plaintiff's allegations set forth in Paragraphs 5 through 11 of the Second Amended Complaint and accordingly denies same and demands strict proof thereof.

12. The allegations contained in Paragraph 12 are directed toward other Defendant parties in this case, and not Defendant DeVita, and also call for expert opinion and conclusion, and accordingly Defendant can neither admit or deny and demands strict proof thereof.

13.-16. The allegations contained in Paragraphs 13 through 16 are directed towards other Defendant parties in this case, and not Defendant DaVita, and therefore need not be admitted or denied.

## THIRD DEFENSE – COUNT I

The allegations contained in Count I of the Second Amended Complaint and in Paragraphs 17 through 25 are directed toward other Defendant parties, and not Defendant DaVita, and therefore need not be admitted or denied.

## FOURTH DEFENSE – COUNT II

The allegations contained in Count II and in Paragraphs 26 through 31 of the Second Amended Complaint are directed toward other Defendant parties, and not Defendant DaVita, and therefore need not be admitted or denied.

### FIFTH DEFENSE – COUNT III

The allegations contained in Count III and in Paragraphs 32 through 35 are directed toward the District of Columbia, and not Defendant DaVita, and therefore need not be admitted or denied. To the extent that such allegations are relating or referring to Defendant DaVita's care and treatment of the Decedent, it is denied and Defendant demands strict proof thereof.

### SIXTH DEFENSE – COUNT IV

The allegations contained in Count IV of the Second Amended Complaint and in Paragraphs 36 through 40 are directed toward other Co-Defendants, and not Defendant DaVita, and therefore need not be admitted or denied.

### SEVENTH DEFENSE – COUNT V

The allegations contained in Count V and in Paragraphs 41 through 45 of the Second Amended Complaint are directed toward other party Defendants, and not Defendant DaVita, and therefore need not be admitted or denied.

### EIGHTH DEFENSE – COUNT VI

Defendant incorporates by reference its answers and responses to Counts I through V and Paragraphs 1 through 45 in response to Paragraph 46 of the Second Amended Complaint.

47.    Defendant admits to providing hemodialysis treatments to Decedent. The remaining allegations of Paragraph 47 are denied and Defendant demands strict proof thereof.

48.    Paragraph 48 of the Second Amended Complaint calls for a legal opinion and conclusion and therefore needs not be admitted or denied. However, Defendant denies same and demands strict proof thereof.

49. Defendant denies all allegations of its breach of any duty or alleged medical malpractice or negligence with regards to hemodialysis treatments being administered to the Decedent as alleged in Paragraph 49.

50. Defendant denies all allegations of its breach of any duty, or alleged malpractice or negligence as alleged in Paragraph 50 or that Defendant's alleged failures and omissions caused Decedent's cardiac arrest and death.

51. Defendant denies all allegations of its breach of duty, medical malpractice, or negligence as alleged in Paragraph 51 of the Second Amended Complaint, and that such alleged breach was the proximate cause of Decedent's death.

## NINTH AFFIRMATIVE DEFENSE

The Second Amended Complaint, and each purported cause of action contained therein, is barred by the doctrine of Plaintiff's Decedent's assumption of risk.

## TENTH AFFIRMATIVE DEFENSE

The Second Amended Complaint, and each purported cause of action contained therein, is barred by Plaintiff's Decedent's contributory negligence.

## ELEVENTH AFFIRMATIVE DEFENSE

The Second Amended Complaint, and each purported cause of action contained therein, is barred by the doctrines of intervening and/or superseding cause.

## TWELTH AFFIRMATIVE DEFENSE

The Second Amended Complaint, an each purported cause of action contained therein, is barred because Plaintiff's Decedent's injuries and death were solely caused by matters or conditions not under DaVita's control, or by the conduct of other parties over which DaVita had no control.

## CROSSCLAIMS

As crossclaims herein, Defendant DaVita Corporation, Inc. states as follows:

1. That if Plaintiff and the Estate of Michael Farrar has sustained injuries, losses and damages as alleged in the Second Amended Complaint, then said injuries, losses and damages, if any, were sustained as a result of the sole or concurrent, active and primary negligence, of the Co-Defendants Corrections Corporation of America, Inc., Center for Correctional Health and Policy Studies, Inc., and the District of Columbia.

2. That as a direct and proximate result of the sole or concurrent, active and primary negligence, of Co-Defendants Corrections Corporation of America, Inc., Center for Correctional Health and Policy Studies, Inc., and the District of Columbia there exists a duty upon them to contribute towards or indemnify Defendant DaVita for any and all sums adjudged against it in favor of the Plaintiff herein.

**WHEREFORE**, Defendant and Crossclaimant DaVita Corporation, Inc. demands judgment against Defendants Corrections Corporation of America, Inc., Center for Correctional Health and Policy Studies, Inc., and the District of Columbia for contribution toward or indemnification of any and all sums adjudged against it in favor of the Plaintiff herein together with the costs of this action as provided by law.

## CERTIFICATE REGARDING DISCOVERY

I HEREBY CERTIFY that on this 1st day of May, 2006, a copy of Defendant DaVita Corporation, Inc.'s Answer to Second Amended Complaint was served, *via* first-class mail, postage prepaid, upon:

>Sherman Robinson, Esquire
>5535 Wisconsin Avenue, N.W., Suite 440
>Washington, D.C. 20015
>
>Barry Tapp, Esquire
>14662 Cambridge Circle
>Laurel, Maryland 20770
>
>Leo A. Roth, Jr.
>Brault Graham, LLC
>110 South Washington Street
>Rockville, Maryland 20850
>
>George Valentine, Esquire
>Chief, Civil Litigation
>Office of the District of Columbia
>   Corporation Counsel
>441 4th Street, NW, 6th Floor South
>Washington, DC 20001

                                                                    _____
                                                                    Ronald G. Guziak

## JURY DEMAND

Defendant requests for a jury demand of twelve (12) on all issues presented here.

Respectfully submitted,

BONNER KIERNAN TREBACH & CROCIATA, LLP

_____
Ronald G. Guziak, D.C. Bar No. 233940
Chandra W. Holloway, D.C. Bar No. 478476
1250 Eye Street, N.W., Sixth Floor
Washington, D.C. 20005
Tel:   (202) 712-7000
Fax:   (202) 712-7100
*Counsel for DaVita Corporation, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of May, 2006, a copy of Defendant DaVita Corporation, Inc.'s Answer to Second Amended Complaint was served, *via* first-class mail, postage prepaid, upon:

Sherman Robinson, Esquire
5535 Wisconsin Avenue, N.W., Suite 440
Washington, D.C. 20015

Barry Tapp, Esquire
14662 Cambridge Circle
Laurel, Maryland 20770

Leo A. Roth, Jr.
Brault Graham, LLC
110 South Washington Street
Rockville, Maryland 20850

Theresa A. Rowell, Esquire
Office of the Attorney General
  for the District of Columbia
441 4th Street, NW, 6th Floor South
Washington, DC 20001

Daniel P. Struck, Esquire
Jones, Skelton & Hochuli, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012

Kelvin L. Newsome, Esquire
LeClair Ryan, P.C.
225 Reinekers Lane, Suite 700
Alexandria, Virginia 22314

_____
Ronald G. Guziak

7

149624_1