IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

YVETTE BRYANT, Personal Representative of the Estate of MICHAEL FARRAR,

    Plaintiff,

v.

CORRECTIONS CORPORATION OF AMERICA, INC., et al.

    Defendants.

Civil Action No. 1:05-CV-02089
Judge Colleen Kollar-Kotelly

## ANSWER OF CORRECTIONS CORPORATION OF AMERICA, INC. TO DAVITA CORPORATION'S CROSS-CLAIM

Defendant CORRECTIONS CORPORATION OF AMERICA ("CCA"), by and through counsel, hereby responds to Defendant DaVita Corporation, Inc.'s ("DaVita") Cross-Claim as follows:

1.    As to the allegations in Paragraph 1 of DaVita's Cross-Claim, DaVita fails to provide any factual basis upon which to assert those allegations, therefore CCA denies the allegations contained in Paragraph 1.

2.    As to the allegations in Paragraph 2 of DaVita's Cross-Claim, DaVita fails to provide any factual basis upon which to assert those allegations, therefore CCA denies the allegations contained in Paragraph 2.

### AFFIRMATIVE AND ADDITIONAL DEFENSES

1.    CCA has no contractual, statutory or common law obligations to DaVita Corporation.

2.    As a separate defense or in the alternative, CCA alleges that Defendant DaVita's Cross-Claim fails to state a claim upon which relief can be granted.

3.    As a separate defense or in the alternative, CCA states that it violated no duties

owed to plaintiff's decedent.

4. As a separate defense or in the alternative, CCA states that it neither caused nor contributed to the death of plaintiff's decedent.

5. As a separate defense or in the alternative, CCA states that plaintiff's losses and damages, if any, were the result of the negligence of someone other than CCA, thereby reducing or eliminating any damage owed by CCA.

6. As a separate defense or in the alternative, CCA alleges that it and its employees acted in good faith and without malice at all times and their actions were objectively reasonable under all the circumstances.

7. As a separate defense or in the alternative, CCA alleges that plaintiff has failed to comply with the requisite statute of limitations pursuant to D.C. Code § 12-101, et seq. and § 16-2701, et seq.

8. As a separate defense or in the alternative, CCA alleges that plaintiff's claims are neither recognized nor recoverable under D.C. Code § 12-101, et seq.

9. As a separate defense or in the alternative, CCA alleges that plaintiff has failed to set forth the requisite showing of subjective intent necessary to sustaining a cause of action alleging a constitutional violation, thereby warranting dismissal of this claim.

10. As a separate defense or in the alternative, CCA alleges that there existed no conduct in this case motivated by an evil motive or intent, nor did any conduct involve reckless or callous indifference to the rights of plaintiff, thereby precluding punitive damages.

11. As a separate defense, or in the alternative, CCA alleges that pursuant to its contract with the District of Columbia, it is not responsible for medical treatment of inmates housed at CTF and has assumed no duty with respect to medical treatment of inmates at CTF and therefore cannot be held liable for such.

12. To the extent supported by the evidence, CCA will rely on the following affirmative defenses set forth in Fed. R. Civ. P. 8(c) and Fed. R. Civ. P. 12, should subsequent discovery reveal these defenses are appropriate: assumption of risk, contributory negligence,

duress, estoppel, fraud, illegality, release, res judicata, waiver, collateral estoppel, claim preclusion and/or issue preclusion, insufficiency of process and insufficiency of service of process.

    WHEREFORE, CCA reserves the right to amend its Answer to Defendant DaVita's Cross-Claim, to assert additional defenses or withdraw defenses, and to add counterclaims as may become necessary after reasonable opportunity, or discovery has occurred up through and including the trial in this matter.  Wherefore, having fully answered Defendant DaVita's Cross-Claim, CCA requests that the claims against it be dismissed, that judgment be entered in favor of CCA, that it be awarded its reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988, and for such other and further relief as the Court deems just and proper.  CCA demands a jury trial as to all triable issues.

Dated:  May 18, 2006        By:    /s/ Megan S. Ben'Ary

                Kelvin L. Newsome (D.C. Bar No. 439206)
                Megan S. Ben'Ary (D.C. Bar No. 493415)
                LeClair Ryan, A Professional Corporation
                225 Reinekers Lane, Suite 700
                Alexandria, Virginia 22314
                Telephone:  (703) 684-8007
                Facsimile: (703) 684-8075

                Daniel P. Struck (D.C. Bar No. CO037)
                Jones, Skelton & Hochuli, P.L.C.
                2901 North Central Avenue, Suite 800
                Phoenix, Arizona  85012
                Telephone:  (602) 263-1700
                Facsimile:  (602) 263-1784

*Counsel for Defendant Corrections Corporation of America*