IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

YVETTE BRYANT  
*PERSONAL REPRESENTATATIVE*  
*to the Estate of MICHAEL FARRAR*  

      Plaintiff  

v.  

CORRECTIONS CORP OF AMER, <u>et al</u>  

      Defendants  

Case No. 1:05cv2089  
Judge Kollar Kotelly  
Deck Type: Civil  

## NOTICE OF FILING

Will the Clerk of Court please accept for filing Exhibit 1- 3. Exhibit 1 represents a request by Plaintiff that Defendant Correction Corporation of America (CCA) withdraw its Request for Admission, served on April 28, 2006, because the Meet and Confer requirement of Rule 26 (f) had not been fulfilled. Exhibit 2 represents, CCA's refusal to withdraw its request. Exhibit 3 represents CCA's November 2005 refusal to provide responses to Plaintiff's discovery request because the 26(f) requirements were not met.

Because the "good cause" requirements for the issuance of a Protective Order under Fed. R. Civ. P. 26 (c) may not be appropriate to address the refusal of CCA to withdraw its request, a response to the Request for Admissions is being provided. However, Plaintiff reserves its right to request the Court to strike these responses at the appropriate time.

Respectfully submitted,

s/_____  
Sherman Robinson  
5535 Wisconsin Avenue NW #440  
Washington DC, 20015  
(202)686-4858/(301)596-4999

PLAINTIFF'S EXHIBIT 1

Law Office of Sherman Robinson
5335 Wisconsin Avenue NW #440
Washington DC, 20015· P.O. Box 33
Simpsonville, Md 21150
(202) 686-4858· (301) 596-4999
Fax (202) 318-2585

May 25, 2006

Shannon M. Ivan, Esquire
Daniel P. Struck, Esquire
Jones, Skelton &
Hochuli, P.L.C.
2901 North Central Avenue
Suite 800
Phoenix, Arizona 85012
*Via E-Mail*

Bryant v. CCA 1:05cv 02089

Dear Ms Ivanyi & Mr. Struck:

In connection in with CCA's First Request for Admissions, dated April 25, 2006, please be advised that responses on behalf of Plaintiff will not be forthcoming. The same reasoning that supported CCA's declination to respond to Plaintiff's discovery request in November 2005 appears applicable to this Request, to wit: the meet and confer requirements of Rule 26(f) have not occurred.

Moreover, according to the notes of the Advisory Committee and related commentary, Request for Admissions are generally employed to simplify issues after discovery has been completed, and not before discovery begins. As you are aware, a discovery plan between the parties has not been developed at this time.

In an effort to clarify Plaintiff's position on the issues raised in the Request, the unfortunate death of Mr. Farrar, based on the evidence available, could reasonably be based on the failure of CCA, and perhaps others, to conform to the safety and protection provision of DC Code § 24-211.02 (2002 Ed). These provisions are not restricted to either the quality or quantity, or lack thereof, of medical care provided to Mr. Farrar. As to the remaining factual averments referenced in the Request, they are disputed. Therefore, any basis to exculpate CCA at this time, or later, is simply not supported by

the limited evidence that has been made available and which CCA is apparently aware. Moreover, as I am sure you will agree, any dispositive resolutions bearing on the culpability, or lack thereof, of any of the co-Defendants should await the recovery of evidence and the development of reasonable inferences from that evidence. At the conclusion of that process, not only CCA, but all the parties, will be in a much better situation to employ request for admissions in such a manner that the issues required for resolution will be narrowed for trial.

Based on the above consideration, it is requested that CCA's Request for Admissions be withdrawn at this time. In the event that a response is not received by May 31, 2006, an assumption will be made that the Request has been withdrawn.

Should an election be made to proceed with the Request, it would be appreciated if notification be made by no later than May 30, 2006. Upon such notification, Plaintiff will request that CCA consent to a 10-day Enlargement of Time for Plaintiff to file a response. Plaintiff will either file a responsive pleading or request other appropriate relief.

Your attention to this request is appreciated.

Sincerely,

Sherman Robinson

cc:

Leo Roth
Theresa Rowell
Barry Tapp
Ronald Guziak
Megan Ben'Ary
Kelvin L. Newsome



## Sherman Robinson

**From:** DANIEL STRUCK [DStruck@JSHFIRM.com]
**Sent:** Thursday, May 25, 2006 4:44 PM
**To:** Sherman Robinson
**Cc:** SHANNON IVANYI; LRoth@BraultGraham.com; Theresa.Rowell2@dc.gov; Suwon4@aol.com; megan.ben'ary@leclairryan.com; Kelvin.newsome@leclairryan.com
**Subject:** RE: Bryant v. CCA 1:05cv2089

Mr. Robinson,

We disagree with your interpretation of the discovery rules. The discovery sent by CCA was propounded at the appropriate time under the rules. Therefore, please provide responses to the Request for Admissions by May 31, 2006, or we will move to have them deemed admitted.

Sincerely,

Dan Struck

---

**From:** Sherman Robinson [mailto:Sherman67@comcast.net]
**Sent:** Thursday, May 25, 2006 12:24 PM
**To:** DANIEL STRUCK
**Cc:** SHANNON IVANYI; LRoth@BraultGraham.com; Theresa.Rowell2@dc.gov; Suwon4@aol.com; megan.ben'ary@leclairryan.com; Kelvin.newsome@leclairryan.com
**Subject:** Bryant v. CCA 1:05cv2089

<< File: 52506BryantCorr.pdf >>

5/31/2006

PLAINTIFF'S EXHIBIT 3

# JS&H | JONES, SKELTON & HOCHULI, P.L.C.

**DANIEL P. STRUCK**
Phone: 602-263-1700 X7304
Fax: 602-651-7510
E-Mail: dstruck@jshfirm.com

**SHANNON M. IVANYI**
Phone: (602) 263-1708
Fax: (602) 200-7860
E-Mail: sivanyi@jshfirm.com

November 15, 2005

2901 NORTH CENTRAL AVENUE
SUITE 800
PHOENIX, ARIZONA 85012
PHONE: (602) 263-1700
FAX: (602) 263-1784
WWW.JSHFIRM.COM

Sherman Robinson
5335 Wisconsin Ave. NW #440
Washington DC, 20015

Re:   **Yvette Bryant (Estate of Michael Ferrar) v. Corrections Corporation of America**
        Cause No. 1:05CV02089

Dear Mr. Robinson:

This firm represents Corrections Corporation of America ("CCA") in the above-referenced matter. I am in receipt of your deposition notice for James Ottey, (DC No. 228932) as well as your interrogatories and Requests for Production of Documents. CCA will not respond to your discovery requests and objects to the deposition of Mr. Ottey going forward as such discovery is premature. Directing your attention to Federal Rules of Civil Procedure § 26(d), that rule specifically provides that:

> "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."

As we have not yet conducted our "meet & confer" pursuant to Rule 26(f), you are precluded from seeking any discovery, including depositions.

Accordingly, we will respond to your discovery in the time frames described by Rule 26. In addition, please withdraw your Notice of Deposition for Mr. Ottey. Should you have any questions, please contact us at the above-number. We look forward to working with you on this matter.

Very Truly Yours,

Shannon M. Ivanyi
Daniel P. Struck
For the firm

SMI\lkg

cc:   Rebecca Kuehn

1554257_1