IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YVETTE BRYANT <br> *PERSONAL REPRESENTATATIVE* <br> *to the Estate of MICHAEL FARRAR* <br> <br> Plaintiff <br> v. <br> <br> CORRECTIONS CORP OF AMER, <u>et al</u> <br> <br> Defendants | : <br> : <br> : <br> : <br> : Case No. 1:05cv2089 <br> : Judge Kollar Kotelly <br> : Deck Type: Civil <br> : <br> : <br> : <br> : |

_____

**PLAINTIFF'S RESPONSE TO DEFENDANT CCA'S REQUEST FOR ADMISSIONS**

1. Admit that Count I (Policy and Practice of Deliberate Indifference) pled in the Amended Complaint is related solely to the medical treatment provided to Michael Farrar.

    Admit _____          Deny_____X____

2. Admit that Count II (Eighth Amendment Violation Deliberate Indifference) pled in the Amended Complaint is related solely to the quantity and quality of medical treatment provided to Michael Farrar.

    Admit_____          Deny____X_____

3. Admit that Count III (Negligence in Hiring, Retention, Monitoring & Supervision) plead in the Amended Complaint is related solely to the District of Columbia's oversight of the nature and quality of medical care provided to Michael Farrar.

    Admit_____          Deny____X_____

1

4.      Admit that Count IV (Medical Malpractice) pled in the Amended Complaint is related solely to the quantity and quality medical treatment provided to Michael Farrar.

Response: Insufficient information to admit or deny at this time.

Admit_____ Deny_____

5.      Admit that Count V (Infliction of Emotional Distress) pled in the Amended Complaint relates solely to the quantity and. quality of medical treatment provided to Michael Farrar.

        Admit_____ Deny _____X_____

6.      Admit that at 2:59 AM on December 29, 2003, Michael Farrar was observed to be in no acute distress,

        Admit_____ Deny ____X_____

7.      Admit that at 4:36 AM on December 29, 2003, Michael Farrar was observed to be alert and verbal, and reported sleeping well.

        Admit_____ Deny    _X_____

8.      Admit that at 4:36 AM on December 29, 2003, Correctional Officer Joyce Hayes witnessed Michael Farrar eating an orange.

         Admit_____ Deny  X_____

9       Admit that no other inmate attempted to advise CTF staff that Michel Farrar was experiencing any distress prior to 4:59 A.M. on December 29, 2003.

        Admit_____ Deny _____X_____

10.     Admit that Michael Farrar was using Codeine and possibly other opiates at the time of his death.

Response: Insufficient information to admit or deny at this time.

2

  Admit_____   Deny_____

11. Admit that Michael Farrar had in his possession at the time of his death, 1 bag of mints, $^1/2$ bag of chips, 11 V2 bags of cookies, 2 Kit Kat bars, 3 Almond Joy bars, 5 Twix bars, and 5 Snickers bars.

  Admit _____ Deny X _____

            Respectfully submitted,

            s/_____
            Sherman Robinson 956128
            5535 Wisconsin Avenue NW #440
            Washington DC, 20015
            (202)686-4858/(301)596-4999

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YVETTE BRYANT : | |
| *PERSONAL REPRESENTATATIVE* : | |
| *to the Estate of MICHAEL FARRAR* : | |
| : | |
| Plaintiff : | Case No. 1:05cv2089 |
| v. : | Judge Kollar Kotelly |
| : | Deck Type: Civil |
| CORRECTIONS CORP OF AMER, et al : | |
| : | |
| : | |
| Defendants : | |

_____

**PLAINTIFF'S EXPLANATION CLARIFYING EITHER DENIAL OR
INSUFFICIENT INFORMATION TO ADMIT OR DENY DEFENDANT
CCA'S REQUEST FOR ADMISSIONS**

1. Deliberate indifference encompasses both the delivery of medical care as well as safekeeping, care and protection of inmates committed to the custody of the Department of Corrections pursuant to DC Code § 24-211.02 (2002 Ed).

2. Same response as in No. 1

3. Allegations in Count III of the Amended Complaint relate to the safekeeping, care and protection of inmates, as required by DC Code § 24-211.02 (2002 Ed) as well as to the medical care provided to inmate Farrar.

4. Plaintiff is without sufficient information to admit or deny. A response to this request involving either the quantity or quality of medical care provided to Plaintiff would be dependent upon medical expert opinions. Plaintiff's experts have not completed the process of assembling and analyzing medical records and related evidence to the extent that a definitive response can be provided.

5. The allegations ins Count V of the Amended Complaint relate to the safe keeping, care and protection of inmates as required by DC Code § 24-211.02 (2002 Ed) as well as to the medical care provided to Michael Farrar.

6. Denied. The allegation is inconsistent with witness statements obtained by CCA and witnesses personally interviewed by the undersigned. In addition, anticipated medical expert findings as well as findings of the Medical Examiner do not support the conclusion contained in this request.

7.      Denied. This contention is inconsistent with witness statements taken by Defendant CCA, witnesses personally interviewed by the undersigned, and inconsistent with reasonable medical evidence of a dialysis patient suffering from fluid overload and who was dead within a period of one hour thereafter.

8.      Denied. Same response as in No. 7.

9.      Denied. This contention is inconsistent with witness statements obtained by CCA and witnesses personally interviewed by the undersigned.

10.     Insufficient information to admit or deny until full and complete responses are provided to Plaintiff's outstanding discovery requests.  A detailed review of the medical and other evidence from a variety of sources as well as findings and conclusion of Plaintiff's medical experts are necessary to provide a dispositive response on the alleged presence of opiates.  Such findings or definitive conclusion have not been made at this time because all of the evidence has not been reviewed.

11.     Insufficient information to admit or deny until full and complete responses are provided to Plaintiff's outstanding discovery request.

                    s/_____
                    Sherman Robinson 956128
                    5535 Wisconsin Avenue NW #440
                    Washington DC, 20015
                    (202)686-4858/(301)596-4999