IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YVETTE BRYANT, Personal Representative of the Estate of MICHAEL FARRAR,<br><br>Plaintiff,<br><br>v.<br><br>CORRECTIONS CORPORATION OF AMERICA, INC., et al.<br><br>Defendants. | Civil Action 1:05-CV-02089<br>Judge Colleen Kollar-Kotelly |

**DEFENDANT CORRECTIONS CORPORATION OF AMERICA'S
CROSS-CLAIM AGAINST CO-DEFENDANT
CENTER FOR CORRECTIONAL HEALTH AND POLICY STUDIES, INC.**

Defendant Corrections Corporation of America, by counsel, and pursuant to Rule 13 of the Federal Rules of Civil Procedure, hereby files this Cross-Claim against Co-Defendant Center for Correctional Health and Policy Studies, Inc. on the following grounds:

1.  This Cross-Claim is brought pursuant to Rule 13(g) of the Federal Rules of Civil Procedure in that the claim arises out of the same occurrence that is the subject matter of the Plaintiff's Second Amended Complaint.

2.  Plaintiff, Yvette Bryant, as personal representative of the Estate of Michael Farrar, filed this Second Amended Complaint against Corrections Corporation of America ("CCA"), Center for Correctional Health and Policy Studies, Inc. ("CCHPS"), the District of Columbia ("District") and DaVita Corporation, Inc. ("DaVita"), alleging the following counts: Policy and Practice of Deliberate Indifference against the District, CCA and CCHPS (Count I); Eighth Amendment Violation and Deliberate Indifference against CCA and CCHPS (Count II); Negligence in Hiring, Retention, Monitoring & Supervision against the District (Count III);

Medical Malpractice against CCA and CCHPS (Count IV); Infliction of Emotional Distress against all Defendants (Count V); and Medical Malpractice against DaVita (Count VI).

3. If Plaintiff's decedent sustained injuries, losses and damages as alleged in the Second Amended Complaint, then said injuries, losses and damages, if any, were sustained as a result of the sole or concurrent, active and primary negligence of Co-Defendant CCHPS, while any alleged negligence of Defendant CCA was passive and secondary.

4. As a direct and proximate result of the sole or concurrent, active and primary negligence of Co-Defendant CCHPS, there exists a duty upon CCHPS to contribute towards or indemnify Defendant CCA for any and all sums adjudged against CCA and in favor of Plaintiff herein.

5. In the event that the Plaintiff obtains a judgment against Defendant CCA, Co-Defendant CCHPS is liable for contribution toward or indemnification of any such judgment in favor of the Plaintiff.

WHEREFORE, Defendant Corrections Corporation of America demands judgment against Co-Defendant Center for Correctional Health and Policy Studies, Inc. for contribution toward or indemnification of any and all sums adjudged against it and in favor of the Plaintiff herein, together with the costs of this action as provided by law.

Respectfully submitted,

　/s/ Megan S. Ben'Ary
Kelvin L. Newsome (D.C. Bar No. 439206)
Megan S. Ben'Ary (D.C. Bar No. 493415)
LECLAIR RYAN, A PROFESSIONAL CORPORATION
225 Reinekers Lane, Suite 700
Alexandria, Virginia 22314
Telephone: (703) 684-8007
Facsimile: (703) 684-8075

        Daniel P. Struck (D.C. Bar No. CO0037)
        JONES, SKELTON & HOCHULI, P.L.C.
        2901 North Central Avenue, Suite 800
        Phoenix, Arizona 85012
        Telephone: (602) 263-7323
        Facsimile: (602) 200-7811

Filed electronically this 17th day of August, 2006.