Law Office of Sherman Robinson
5335 Wisconsin Avenue NW #440
Washington DC, 20015/ P.O. Box 33
Simpsonville, Md 21150
(202) 686-4858/ (301) 596-4999
Fax (202) 318-2585



PLAINTIFF'S EXHIBIT

June 12, 2006

Daniel P. Stuck, Esquire
Jones Skelton & Hochulu, PLC,
2901 North Central Avenue, #800,
Phoenix, Arizona, 85012
*Via E-Mail*

    Re: <u>Bryant v. CCA</u>, 1:05cv02089

Dear Mr. Struck:

    Your contribution to developing the Discovery Plan is appreciated. As we discussed, I have attempted to identify the responses of CCA that are needed to satisfy the collective goal of the parties related to completing depositions of factual witnesses by August 31, 2006. Supplying responses to the attached Interrogatories 1-6 (and 7) will serve to identify most, if not all of the eye or ear witnesses to the incident and foster compliance with the discovery deadline related to fact witnesses. The combined testimony of such witnesses, once obtained, may also be dispositive of several remaining issues in this controversy.

    The logistics involved with scheduling the correctional officers or medical witnesses are not expected to be as formidable a task as securing the *debene esse* deposition of the inmate witnesses. I expect that even after CCA has provided all the identifying information in its possession, a time lag will be encountered before the depositions of those witnesses can be obtained. In the interim, I expect to notice the deposition of correctional officers and medical witnesses. However, even at this time, I feel that it is critical that the information regarding inmate witnesses and correctional officers, a layout of the medical ward, and staffing roster, be provided as soon as possible but not later than June 20, 2006.

    Please further note that this correspondence does not waive responses to Plaintiff's remaining discovery requests. However, if responding to the request imposes undue hardship

or other practical difficulties, please advise so that consideration can focus on revising the discovery request to meet Plaintiff's discovery needs without overburdening CCA's resources.

If there are any further comments to this approach, or related issues, your comments are invited.

Sincerely,

Sherman Robinson

cc:

Roth
Kuhn
Rowell
Guziak



PLAINTIFF'S EXHIBIT

**Law Office of Sherman Robinson**
5335 Wisconsin Avenue NW #440
Washington DC, 20015/ P.O. Box 33
Simpsonville, Md 21150
(202) 686-4858/ (301) 596-4999
Fax (202) 318-2585

August 7, 2006

Daniel P. Stuck, Esquire
Jones Skelton & Hochulu, PLC,
2901 North Central Avenue, #800,
Phoenix, Arizona, 85012
*Via E-Mail*

Re: <u>Bryant v. CCA</u>, 1:05cv02089

Dear Mr. Struck:

    Thank you for your immediate response to my July 27, 2006 correspondence which indicated that discovery had not been received from CCA. I was not able to locate the original copy of CCA's responses that your records indicate were mailed to me on July 17, 2006. After notifying Ms. Ben'Ary of such non-receipt, a copy of the responses was received by e-mail on July 31, 2006 of which I have now had an opportunity to review.

    Based upon that review, I am requesting that a reappraisal be made of CCA's responses to Plaintiff's original discovery request. In Interrogatories 1 and 2, Plaintiff requested the names and DCDC Numbers of every inmate who was housed on the medical ward with Michael Farrar during December 28 and 29, 2003. More specifically, Interrogatory No. 2 requested information that would ascertain the relative room or cell location of each inmates and its physical relationship on the sick ward to the cell or room of Michael Farrar. Merely identifying the name and DCDC Nos. of such inmates on the layout that was provided (CCA-BRY 000044) by CCA in response to Plaintiff's production of document request would have satisfied this request. However, counsel for Plaintiff neither received the names of all the inmates who were housed on the medical ward with Michael Farrar on December 29, 2002 nor was information received that would enable counsel to determine he exact location, including cell or room number, of each inmate as it physically related to the cell location of Farrar. Therefore, Plaintiff

remains hampered in her efforts to ascertain the identities of inmates who possess the most relevant knowledge regarding the allegation that Farrar repeatedly cried out for assistance as he was dying in his cell from congestive heart failure and fluid overload.

In Production of Document Request No. 2, Plaintiff requested that a copy of the Staffing Roster be provided for the medical ward where Michael Farrar was housed from December 27-30, 2003. CCA's discovery response contending that such information had been provided could not be confirmed after production of document responses was reviewed. In addition, information could not be located in those responses that were provided which would identify the correctional officers who were responsible for the supervision of the medical ward or those line officers who had been assigned to monitor inmates, conduct appropriate counts and perform other duties.

I am in the process of clearing deposition dates with local counsel and having access to the Staffing Rooster will avoid the need to conduct further depositions of correctional officers. The need for the ascertaining identifying information as to inmate's witnesses has now become extremely critical.

Your assistance in addressing the above-concerns is requested. If there is a need to meet and confer or discuss the issues presented, please advise.

I look forward to your response.

Sincerely,

Sherman Robinson

cc:

Ben'Ary
Roth
Kuhn
Rowell
Guziak
Tapp

PLAINTIFF'S EXHIBIT C

Law Office of Sherman Robinson
5335 Wisconsin Avenue NW #440
Washington DC, 20015/ P.O. Box 33
Simpsonville, Md 21150
(202) 686-4858/ (301) 596-4999
Fax (202) 318-2585

October 3, 2006

Daniel P. Struck, Esquire
Jones Skelton & Hochulu, PLC,
2901 North Central Avenue, #800,
Phoenix, Arizona, 85012
*Via E-Mail*

Re: <u>Bryant v. CCA</u>, 1:05cv02089

Dear Mr. Struck:

In connection with Plaintiff's request for information related to the cell or room location of all inmates on Medical 82 which has been repeatedly requested; Interrogatory Number 9 which request the names and related information of all inmates who have died or suffered loss in bodily functions who were housed at the CTF during the past ten years; Document Request No. 1 which request the institutional file of Michael Farrar, and Document Request No. 7 which request copies of all court orders related to providing Michael Farrar with medical treatment, please be advised that I intend to address the those issues before the scheduled October 5th Deposition has concluded. Please be further advised that the purpose of this meeting is to resolve a pending discovery dispute.

Sincerely,

Sherman Robinson

cc:

Ben'Ary
Roth
Kuhn
Rowell