UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

YVETTE BRYANT, Personal Representative )
of the Estate of Michael Farrar,         )
                                         )
        Plaintiff,                       )
                                         )
    v.                                   )   Civil Action No. 05-2089 (CKK/AK)
                                         )
CORRECTIONS CORPORATION OF               )
AMERICA, *et al.*,                       )
                                         )
        Defendants.                      )
                                         )

## MEMORANDUM ORDER

Pending before the Court is Plaintiff Yvette Bryant's Motion to Compel Defendant Correction[s] Corporation of America ("CCA") to Provide Additional Answers to Interrogatories and Production of Documents ("Motion") [54]. Plaintiff requests that this Court issue an Order requiring Defendant to provide "additional, full and complete answers to Interrogatories and Production of Documents served on June 12, 2006[,]" namely, Interrogatories Nos. 2, 3 and 9. (Motion at 1.) Plaintiff acknowledges that Defendant provided responses to her discovery requests but she contests the sufficiency of some of those responses.[1]

In response to the Plaintiff's Motion, Defendant Corrections Corporation of America indicates that it has:

provided full and complete responses to the interrogatories and production of documents

---

[1] Plaintiff Yvette Bryant, Personal Representative of the Estate of Michael Farrar, seeks discovery in connection with her pending action alleging claims of negligence, medical malpractice and deliberate indifference with regard to the death of an inmate at the D.C. Jail.

>propounded by the Plaintiff to the extent possible and has repeatedly advised Plaintiff that it cannot provide some of the requested information due to the fact that 1) such information is not within its possession or control; and 2) [it] cannot retrieve some of the information due to circumstances beyond its control.

(CCA's Response to Plaintiff's Motion ("Response") at 1.)

CCA follows this statement with a detailed discussion of the actions taken in responding to each contested interrogatory and the outcome of such actions. For example, Interrogatory No. 2 requests that CCA provide the name, DCDC No. and the last known address of "all inmates housed on Medical 82 on December 29, 2003, including the inmate's current whereabouts and if released, the inmate's parole officer or emergency contact." (Response at 2.) In responding to this Interrogatory, CCA consulted with Donald Howard Paul ("Paul"), the Internal Affairs Investigator at the Central Treatment Facility ("CTF"), and Paul advised CCA that the information requested by Plaintiff was not in CCA's possession but rather "all records pertaining to those inmates are given over to the District of Columbia Department of Corrections or Bureau of Prisons." (Response at 2.) Paul further indicated that "[t]he last address CCA would have for former inmates would be the one at CTF." (*Id*, citing Paul Affidavit at ¶¶4-6.) CCA asserts that, on several occasions, Paul searched for the census of inmates and the Correction Officer's Logbook, which records activity for each shift and may include the names of the inmates.. (Response at 2.) CCA contends that while "Paul did not locate the logbook or the census on his five separate searches, he was able to locate the duty roster, which CCA provided to Plaintiff." (Response at 2-3.) During the course of his inquiry, Paul noted a water leak above the archives where the roster and logbook would be kept, and further noted that the records in that area were so damaged by water that they were illegible. (Response at 3. )

CCA further advised Plaintiff that it "does not maintain former inmate files, [but the] District of Columbia Department of Corrections does" and CCA was unable to locate any other "hard copy documentation as to the list of inmates" even though it conducted a "diligent[] search." (*Id.*)  CCA similarly responds to the other two Interrogatories for which Plaintiff requests supplementation, proffering good cause for its inability to produce additional information.[2]  The Court finds that CCA has demonstrated that it has undertaken a diligent search for supplemental information responsive to Plaintiff's discovery requests, without success, because such items are either not within its custody or control, or such items have been destroyed through no fault of CCA.  It is accordingly this 8th day of December, 2006,

ORDERED that Plaintiff's Motion to Compel [54] is denied.

_____/s/_____
ALAN KAY
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff filed no reply to CCA's Response.